UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHN DASTA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-1034 (EGS) |
| HARLEY G. LAPPIN, Director, Federal Bureau of Prisons, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the parties' cross-motions for summary judgment. For the reasons discussed below, the Court will grant summary judgment for defendant.

I.  BACKGROUND

Plaintiff, a federal prisoner, submitted to the Director of the Federal Bureau of Prisons ("BOP") a request under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, for the following information:

1. ADDENDUM TO THE FOOD POLICY 4700.05 FOR THE CHOICES OF MENUS EITHER 1, 2, OR 3 FOR THE NATIONAL FOOD SERVING THAT BEGAN JAN. 06, 08

2. THE MEMO TO FCI ELKTON EXPLAINING HOW TO CHOOSE MENUS 1, 2 OR 3 FOR THE NATIONAL FOOD SERVING THAT STARTED JAN. 06, 08.

Pl.'s Cross-Mot. for Summ. J., Ex. 1 (January 24, 2008 Freedom of Information/Privacy Act Request) (capital letters in original); *see* Compl. ¶ 1. According to plaintiff, as of the filing of

1

his complaint in June 2008, he "ha[d] not had a response from [BOP]" to his request. Compl. ¶ 6. In this action, which the Court construes as a civil action against the BOP under the FOIA, *see* 5 U.S.C. § 552(a)(4)(B), plaintiff has demanded a declaratory judgment, an order directing the BOP to produce the requested records, and reimbursement of costs incurred in this action.[1] *Id.* ¶ 9.

The BOP received plaintiff's FOIA request on February 6, 2008, and assigned it FOIA Request No. 08-03833. Def.'s Mem. of P. & A. ("Def.'s Mot."), Declaration of Monica Potter-Johnson ("Potter-Johnson Decl.") ¶ 3 & Ex. A. Although BOP staff identified no addenda to Program Statement 4700.05, Food Service Manual, the current version of which is dated June 12, 2006, staff located a "memorandum titled *National Menu Implementation Procedures*," a copy of which had been "forwarded to all Wardens." Potter-Johnson Decl. ¶ 4-5. On June 24, 2008, BOP sent plaintiff "a copy of the memorandum titled *National Menu Implementation Procedures*." *Id.* ¶ 6.

## II. DISCUSSION

The BOP moves for summary judgment on the ground that it already has released

---

[1] The proper defendant to a FOIA action is the federal government agency, not its Director. *See* 5 U.S.C. § 552(a)(4)(B) (granting a federal district court "jurisdiction to enjoin *the agency* from withholding agency records and to order the production of any agency records improperly withheld from the complainant) (emphasis added). Accordingly, the Court will dismiss Harley Lappin as a party defendant. *See, e.g., Prison Legal News v. Lappin*, 436 F. Supp. 2d 17, 22 (D.D.C. 2006) (concluding that "the BOP, despite its status as a component agency of the DOJ, is a proper defendant in this FOIA action"); *Whittle v. Moschella*, 756 F. Supp. 589, 596 (D.D.C. 1991) (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)) (holding that the Court's jurisdiction is "limited to enjoining agency noncompliance, § 552(a)(4)(B), and consequently no [FOIA] claim may be asserted . . . against individual federal officials")

unredacted copies of the requested records, rendering the case moot. *See* Def.'s Mot. at 5-6. Plaintiff counters that he is entitled to summary judgment because the BOP failed to acknowledge receipt of and respond to his requests timely in accordance with 5 U.S.C. §552(a)(6)(A)(i). *See* Pl.'s Cross-Mot. for Summ. J. at 2-3. Only after he filed this civil action did the BOP release the requested records. *Id.* at 3. For this reason, plaintiff demands an award of costs to cover the portion of the court's filing fee paid to date and photocopies. *Id.*

### A. Summary Judgment Standard

The Court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits or declarations, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits or declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based on the information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Hertzberg v. Veneman*, 273 F.Supp.2d 67, 74 (D.D.C. 2003). Such affidavits or declarations are accorded "a presumption of

good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Central Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### B.  The BOP's Compliance with the FOIA

Under the FOIA, federal jurisdiction is dependent upon a showing that the agency has withheld agency records improperly. *See* 5 U.S.C. § 552(a)(4)(B) (stating that the district court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant"); *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980).  "Once the records are produced[,] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made." *Crooker v. United States State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980) (per curiam).

Here, defendant establishes that the BOP has released in full the records plaintiff requested.  Absent any showing by plaintiff to the contrary, this matter is moot. *See, e.g., Isasi v. Office of Attorney General*, 594 F. Supp. 2d 12, 14 (D.D.C. 2009) (dismissing a FOIA action as moot where there was no dispute that the requested records had been released without any redactions); *West v. Spellings*, 539 F. Supp. 2d 55, 61 (D.D.C. 2008) (dismissing Count I of the Complaint as moot "because [the agency] released the records requested").  "[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).

*C.  Plaintiff's Demand for Costs*

Release of the requested records does not resolve the matter of plaintiff's demand for costs. The Court may "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the [plaintiff] has substantially prevailed." " 5 U.S.C. § 552(a)(4)(E)(i).  A plaintiff substantially prevails if he "has obtained relief through either . . . a judicial order, or an enforceable written agreement or consent decree[,] or . . . a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii).  The decision to award attorneys' fees and costs is left to the Court's discretion. *See Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 705-06 (D.C. Cir. 1977) (commenting that the Section 552(a)(4)(E) "contemplates a reasoned exercise of the courts' discretion taking into account all relevant factors").  In making this decision, the Court considers "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents." *Davy v. Central Intelligence Agency*, 550 F.3d 1155, 1159 (D.C. Cir. 2008) (citations omitted).  "No one factor is dispositive, although the [C]ourt will not assess fees when the agency has demonstrated that it had a lawful right to withhold disclosure." *Id.*

The BOP does not dispute plaintiff's assertion that it failed to "determine within 20 days . . . after the receipt of [plaintiff's] request whether to comply with such request and . . . immediately notify [plaintiff] . . . of such determination and the reasons therefore." 5 U.S.C. §552(a)(6)(A)(i).  Its supporting declaration does not explain the delay between its receipt of plaintiff's request and its release of the requested information, and the Court cannot determine on

this record whether the BOP's actions were reasonable.  It appears that the BOP released the requested records only after plaintiff filed this action, and plaintiff thus demonstrates that he "obtained relief through . . . a voluntary or unilateral change in position by the agency."  5 U.S.C. § 552(a)(4)(E)(ii).  The flaw in plaintiff's position, however, is its failure to show that his "claim is not insubstantial."  5 U.S.C. § 552(a)(4)(E)(ii).

Plaintiff's interest in and intended use of the information appears to be personal.  This is not a case where the public derives some benefit from plaintiff's claim or the BOP's release of the information plaintiff requested.  *See Davy v. Central Intelligence Agency*, 550 F.3d at 1159 (finding that the public benefit derived from the plaintiff's FOIA request and subsequent litigation, which "were intended to compel disclosure of information relating to the activities of [the CIA] in relation to a significant historical event," was a factor favoring the plaintiff's request for fees and costs); *Judicial Watch, Inc. v. Bureau of Land Mgmt.*, 562 F. Supp. 2d 159, 172-74 (D.D.C. 2008) (finding that not-for-profit organization's claim was substantial, because it "attempted to expose the precise connection between three high-ranking elected officials and real estate developer [as such information] surely would aide individuals in making" a political choice" and because its "sole goal . . . was to investigate potential official misconduct").  The Court concludes that an award of costs in this case is not warranted.

### III.   CONCLUSION

The Court concludes that the BOP has fulfilled its obligations under the FOIA by releasing all of the information plaintiff requested.  In addition, the Court concludes that plaintiff's claim is insubstantial and denies his demand for costs.  Accordingly, the Court grants defendant's motion for summary judgment and denies plaintiff's motion for summary judgment.

An Order accompanies this Memorandum Opinion.

        Signed:        EMMET G. SULLIVAN
                              United States District Judge

        Dated:        September 25, 2009